UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO. 8:19-cr-448-JA-TGW

CHRISTOPHER JONES

## ORDER

This case is before the Court on Defendant's Motion to Clarify and Enforce Sentence (Doc. 56). Defendant, who is currently in state custody, requests the Court to clarify that his 112-month term of imprisonment in this case runs concurrent to his 74-month term of imprisonment imposed by the State of Florida in case 2019-cf-00375.[1] (Doc. 56 at 1.) Defendant further asks the Court to order the State of Florida to return him to federal custody. (*Id.* at 2.)

Any complaint concerning which sentence must be served first, federal or state, and who has priority custody for the execution of said sentences constitutes a challenge to the execution of Defendant's federal and/or state sentences. The appropriate manner by which to challenge the execution of a sentence is by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. §

---

[1] Defendant's state conviction emanates from Pasco County, Florida, and the sentence was imposed after this Court sentenced Defendant on October 16, 2020. *See* Doc. Nos. 54; 56 at 1. According to Defendant, the state court ordered the 74-month sentence to run concurrent to his federal sentence. (Doc. 56 at 1.)

2241. *See, e.g., Moody v. Holman,* 887 F.3d 1281, 1287–88, 1292 (11th Cir. 2018) (explaining that "'[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241[,]'" and holding that the petitioner had "standing to challenge Alabama's exercise of custody given his previously-imposed federal sentences[.]"). Defendant, therefore, may file a 28 U.S.C. § 2241 petition in the appropriate court if he wishes to challenge how his state or federal sentences are being executed. Defendant should be aware, however, that "a person who has violated the laws of two sovereigns cannot choose (or have a federal court direct) which sentence he serves first, as long as the first sovereign consents to have the second sovereign take custody." *Id.* at 1291.

To the extent Defendant requests the Court to clarify that it ordered his sentence in this case to run concurrent to his later imposed state sentence, relief is not warranted. When the Court sentenced Defendant, he had not been convicted or sentenced on his pending state charge(s). Defendant did not request the Court to order his federal sentence to run concurrent to any later imposed state sentence, and the Court made no mention of Defendant's pending state criminal charges in imposing the sentence. *See* Doc. Nos. 53, 54. To grant the relief requested, therefore, would require the Court to modify Defendant's sentence. Defendant, however, has not demonstrated any permissible basis warranting the modification of his sentence. *See* 18 U.S.C. § 3582 (providing

permissible bases for modifications of sentences); *see also United States v. Pineda–Nunez,* 656 F. App'x 983, 984-85 (11th Cir. 2016) (concluding the district court lacked subject matter jurisdiction under § 3582 to modify the defendant's federal sentence to run concurrent to his state sentence).

Accordingly, it is **ORDERED** as follows:

1. Defendant's Motion to Clarify and Enforce Sentence (Doc. 56) is **DISMISSED**. If he chooses, Defendant may file a 28 U.S.C. § 2241 petition in the appropriate court to challenge the execution of his state and/or federal sentences.

2. The Clerk of Court is directed to send Defendant a 28 U.S.C. § 2241 form along with this Order.

**DONE** and **ORDERED** in Orlando, Florida, on March 24, 2021.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
Christopher Jones